UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

MAYRA GIANNINI,

       Plaintiff(s),

v.

CONDOMINIUM ASSOCIATION OF
PARKER PLAZA ESTATES, INC.,
a Florida Not For Profit Corporation,

       Defendant.

_____/

## COMPLAINT[1]

Plaintiff, MAYRA GIANNINI ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, CONDOMINIUM ASSOCIATION OF PARKER PLAZA ESTATES, INC., ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages and damages under the Equal Pay Act of 1963, 29 U.S.C. § 206, *et seq.* ("EPA").

2. Plaintiff was employed by Defendant, having its principal place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

3. Venue is proper in the Southern District of Florida because all of the actions that form the basis of this Complaint occurred within Broward County, Florida and payment was due in Broward County, Florida.

---

[1] Additionally, Plaintiff has a charge of sex/gender discrimination pending with the EEOC.

4. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

5. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff performed work for Defendant as a Property Manager from on or about August 2016 to on or about April 16, 2019.

8. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

9. In addition, throughout Plaintiff's employment, Defendant has consistently hired men at considerably higher rates than women, such that the pay structure has resulted in a substantial disparity between the male and female employees in each category.

10. At all material times hereto, Plaintiff was the only female property manager working for Defendant.

11. Male employees perform substantially similar work under similar working conditions as Plaintiff.

12. The increased pay that males received was not based on superior skill, education, or experience, or any other legitimate factor.

## COUNT I
### *Discrimination in Compensation*
### *Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.*

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this Complaint as if set out in full herein.

14. Plaintiff belongs to a protected class; she is female.

15. Plaintiff's job functions in her position with Defendant were and are of equal skill, effort, and responsibility as the job functions of Defendant's male employees in the same or similar position, and they were performed under the same or similar working conditions.

16. During all relevant periods, Plaintiff received wages lower than most if not all, of Defendant's male employees' wages in the same or similar position while performing the same or substantially more work than her male coworkers.

17. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the same or substantially more work than her male coworkers.

18. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

b. Award Plaintiff actual damages in the amount shown to be due, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 5/30/19

Respectfully submitted,

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005